IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| RICKEY LOFTIN SR., | ) |
| Plaintiff, | ) Civil Action No.: |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SHAW INDUSTRIES GROUP, INC., | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

COMES NOW, Plaintiff Rickey Loftin, Sr. ("Plaintiff" or "Mr. Loftin") and submits the following Complaint for Damages and Equitable Relief against Defendant Shaw Industries Group, Inc. ("Defendant" or "Shaw Industries"), showing the Court as follows:

**INTRODUCTION**

1. This is an employment discrimination case arising from unlawful sexual harassment, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), and negligent retention and supervision under Georgia state law.

2. Plaintiff herein claims (1) sexual harassment, (2) sex discrimination, and (3) retaliation in violation of Title VII and (4) negligent retention and

-2-

supervision under Georgia state law.

3. Plaintiff seeks injunctive and declaratory relief, back pay and lost benefits, compensatory damages, punitive damages, and attorneys' fees and costs of litigation to remedy these civil rights violations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has satisfied all administrative prerequisites to perfect his claims of sex discrimination, sexual harassment, and retaliation under Title VII.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC, received a Notice of Right to Sue for his claims under Title VII, and entered a tolling agreement with Defendant which preserved his claims. Plaintiff has complied with all other conditions precedent to the institution of this lawsuit.

## JURISDICTION AND VENUE

6. Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a) and 42 U.S.C. § 2000e-5(f)(3).

7. This Court has personal jurisdiction over all the parties to this action.

8. Venue is proper under 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. §2000e-5(f)(3), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the Northern District of Georgia, Rome Division.

## THE PARTIES

9. Plaintiff Rickey Loftin was, at all relevant times, a citizen of the United States and a resident of the state of Georgia and submits himself to the jurisdiction of this Court.

10. Defendant Shaw Industries Group, Inc. is a domestic profit corporation with its principal office address at 616 E. Walnut Avenue, P.O. Drawer 2128, Dalton, Georgia, 30721, USA.

11. Shaw Industries Group, Inc. is subject to this Court's jurisdiction and may be served with process by delivering a copy of the Complaint and summons to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree, GA, 30092, USA.

12. At all relevant times, Defendant employed at least fifteen employees for purposes of constituting an "employer" under Title VII, 42 U.S.C. § 2000e.

## FACTS

13. Plaintiff began his employment with Defendant Shaw Industries Group, Inc. on or around February 23, 2023.

14. Plaintiff worked at Shaw Industries Plant 13, located at 1061 West Avenue, Cartersville, Georgia, 30101.

15. Plaintiff most recently served as a forklift driver.

16. Plaintiff reported to Bob Carey.

17. A co-worker repeatedly sexually harassed and assaulted Plaintiff on or around May 2023, September 2023, and November 2023.

18. In or around November 2023, Plaintiff informed his supervisor, Mr. Carey, of the incidents.

19. Mr. Carey spoke to the employee who had harassed and assaulted Plaintiff, and the employee admitted to the accusations, but Mr. Carey and Defendant did nothing.

20. Plaintiff was sexually harassed by the same co-worker again in December 2023, during Defendant's Christmas party.

21. On or about December 20, 2023, Plaintiff informed Defendant's corporate office about the incidents of sexual harassment and assault.

22. Defendant investigated the matter but stated that nothing could be corroborated, even though there were witnesses.

23. Defendant discriminated and retaliated against Plaintiff for his complaints of sexual harassment and assault by falsely accusing him of and disciplining him for damage to property while using the forklift.

24. Defendant further discriminated retaliated against Plaintiff by terminating his employment because of his gender and protected complaints.

## COUNT I
## Sexually Hostile Work Environment in Violation of Title VII

25.     Plaintiff incorporates by reference paragraph numbers 13 through 24 as if they were fully set forth herein.

26.     At all relevant times, Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

27.     At all relevant times, Defendant was an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

28.     Plaintiff is in a protected class based on his gender (male).

29.     A co-worker sexually harassed and assaulted Plaintiff on several occasions in 2023.

30.     Plaintiff reported the sexual harassment and assault to his supervisor and to Defendant, and the co-worker admitted to the conduct, but Mr. Carey and Defendant did nothing, and the co-worker harassed Plaintiff again.

31.     The sexual harassment and assaults to which Plaintiff was subjected were severe and pervasive, as outlined above.

32.     Plaintiff informed Defendant's corporate office about the incidents of sexual harassment and assault, and Defendant investigated the matter but stated that nothing could be corroborated, even though there were witnesses.

33. At all times relevant to this action, Defendant knew or should have known of the sexual harassment and assaults of Plaintiff and the existence of a sexually hostile work environment but failed to take remedial action to prevent or correct the harassment or protect Plaintiff.

34. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior after Plaintiff repeatedly reported it to management.

35. At all relevant times, the co-worker was acting in the course and scope of his employment with Defendant, making Defendant vicariously liable for his actions under a theory of *respondeat superior*.

36. Defendant lacks any legitimate justification for subjecting Plaintiff to sexual harassment, and/or any such purported justifications are mere pretext.

37. Defendant's above-pled actions constitute sexual harassment and a sexually hostile work environment in violation of Title VII.

38. Defendant's actions in subjecting Plaintiff to sexual harassment and a sexually hostile work environment were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of his federally protected rights.

39. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages including emotional distress, inconvenience, humiliation, and other indignities.

40. As a result of Defendant's violations of Title VII, Plaintiff is entitled to recover his lost wages and economic benefits of his employment, compensatory and punitive damages, reasonable attorneys' fees and costs, and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

## COUNT II
### Sex Discrimination in Violation of Title VII: Disparate Treatment

41. Plaintiff incorporates by reference paragraph numbers 13 through 24 as if they were fully set forth herein.

42. At all relevant times, Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

43. At all relevant times, Defendant was an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

44. Plaintiff is in a protected class based on his gender (male).

45. Plaintiff was qualified for the position to which he was hired.

46. Defendant discriminated against Plaintiff in the terms and conditions of his employment when, among other things, it falsely accused him of and disciplined

him for damage to property while using the forklift, and terminated his employment, all because of his gender (male).

47. Defendant lacks any legitimate justification for subjecting Plaintiff to discrimination, and/or any such purported justifications are mere pretext for gender discrimination.

48. Defendant's above-pled actions constitute gender discrimination in violation of Title VII.

49. Defendant's actions in subjecting Plaintiff to discrimination based on his gender were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of his federally protected rights.

50. Plaintiff's gender was a "motivating factor" in Defendant's decisions to subject him to discrimination based on his gender as pled above.

51. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages including emotional distress, inconvenience, humiliation, and other indignities.

52. As a result of Defendant's violations of Title VII, Plaintiff is entitled to recover his lost wages and economic benefits of employment, compensatory and punitive damages, reasonable attorneys' fees and costs, and all other legal and

equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

## COUNT III
### Retaliation in Violation of Title VII

53. Plaintiff incorporates by reference paragraph numbers 13 through 24 as if they were fully set forth herein.

54. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined by Title VII, 42 U.S.C. § 2000e *et seq*.

55. At all relevant times, Defendant was an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

56. Plaintiff engaged in statutorily protected activity by repeatedly objecting to and complaining about sexual harassment, a sexually hostile work environment, discrimination, and sexual assault prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., as outlined above, and by filing an EEOC Charge.

57. Title VII prohibits Defendant from retaliating against Plaintiff because he opposed, objected to, and complained against discrimination prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

58. Defendant retaliated against Plaintiff for his complaints of sexual harassment and assault by falsely accusing him of and disciplining him for damage

to property while using the forklift and by terminating his employment.

59. Defendant's actions, in taking adverse employment actions against Plaintiff for engaging in statutorily protected activity by complaining of, and opposing, a sexually hostile work environment, constitute intentional retaliation in violation of Title VII.

60. Defendant lacks any legitimate justification for subjecting Plaintiff to retaliation, and/or any such purported justifications are mere pretext for retaliation.

61. Defendant's retaliatory actions were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of his federally protected rights.

62. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages including emotional distress, inconvenience, humiliation, and other indignities.

63. As a result of Defendant's retaliatory conduct, Plaintiff is entitled to recover his lost wages and economic benefits of employment, compensatory and punitive damages, reasonable attorneys' fees and costs, and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

## COUNT IV
### Negligent Supervision and/or Negligent Retention in Violation of Georgia Law

64. Plaintiff incorporates by reference paragraph numbers 13 through 24 as if they were fully set forth herein.

65. A co-worker sexually harassed and assaulted Plaintiff on several occasions in 2023.

66. Plaintiff reported the sexual harassment and assault to his supervisor and to Defendant, and the co-worker admitted to the conduct, but Mr. Carey and Defendant did nothing, and the co-worker harassed Plaintiff again.

67. Plaintiff informed Defendant's corporate office about the incidents of sexual harassment and assault, and Defendant investigated the matter but stated that nothing could be corroborated, even though there were witnesses.

68. Defendant was aware of the sexual harassment and assaults of Plaintiff and yet, upon information and belief, and did not discipline the co-worker for the unlawful conduct or take any other preventive or remedial action or steps toward the co-worker, even after Plaintiff repeatedly reported the conduct.

69. The repeated sexual harassment and assault of Plaintiff created an intimidating, hostile, and abusive working environment for him.

70. The sexually harassing work environment included, but was not limited

to, repeated sexual assaults.

71. Instead, Defendant continued to employ the co-worker when it actually knew, constructively knew, or in the exercise of reasonable care should have known, of the co-worker's prior history of, reputation for, and propensity for, sexual harassment directed toward Plaintiff and/or other employees.

72. Notwithstanding actual and constructive knowledge of the co-worker's prior history of, reputation for, and propensity for, sexual harassment, Defendant and negligently supervised the co-worker, failed to intercede on Plaintiff's behalf, and negligently retained the co-worker, thereby ratifying, condoning, and adopting his conduct, making it liable for the negligent supervision and retention of him.

## COUNT V
## Punitive Damages under O.C.G.A. § 51-12-5.1

73. Plaintiff incorporates by reference paragraph numbers 13 through 24 as if they were fully set forth herein.

74. Defendant's unlawful conduct set forth herein was intentional, willful, malicious, and conducted with the deliberate intent to harm Plaintiff, or was done with reckless disregard for Plaintiff and his rights.

75. Accordingly, Defendant is liable to Plaintiff for punitive damages.

## COUNT VI
## Attorneys' Fees and Costs under O.C.G.A. § 13-6-11

76. Plaintiff incorporates by reference paragraph numbers 13 through 24 as if they were fully set forth herein.

77. By its above-described actions, and by its stubborn litigiousness prior to and during this lawsuit, Defendant acted in bad faith, was stubbornly litigious, and put Plaintiff to unnecessary trouble and expense.

78. Thus, under O.C.G.A. § 13-6-11, Plaintiff is entitled to recover his attorneys' fees and expenses incurred in prosecuting this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands **A TRIAL BY JURY** and:

(1)   That this Court adjudicate and declare that Defendant has engaged in unlawful employment practices in violation of Title VII and Georgia law;

(2)   That this Court permanently enjoin Defendant from committing similar violations in the future;

(3)   That this Court award Plaintiff back pay, all lost wages and benefits, and all other benefits of employment reducible to a dollar value;

(4)   That this Court award Plaintiff pre-judgment and post-judgment interest as required by law;

-14-

(5) That this Court award Plaintiff compensatory damages for emotional pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(6) That this Court award Plaintiff punitive damages in an amount to be determined by the enlightened conscience of a jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(7) That this Court award Plaintiff his reasonable attorneys' fees and costs; and

(8) That this Court grant such additional relief as may be just and proper.

Respectfully submitted this 7th day of July 2025.

> BUCKLEY BALA WILSON MEW LLP
>
> */s/ Thomas J. Mew IV*
> Thomas J. Mew IV
> Georgia Bar No. 503447
> tmew@bbwmlaw.com

201 17th St. NW, Suite 630
Atlanta, Georgia 30363
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

*Counsel for Plaintiff*